UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JEROD MURPHY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**KEVIN KARNES**, as Lee County Clerk of Court, | CIVIL ACTION<br><br>Case No. 2:23-cv-126<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **JEROD MURPHY** ("**MURPHY**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Family & Medical Leave Act (FMLA) and Florida's Public Whistleblower Act (PWA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) retaliation in violation of the PWA.

**PARTIES**

2. The Plaintiff, **JEROD MURPHY** ("**MURPHY**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all

1

material times, **MURPHY** was employed by the Defendant as a court services supervisor.

3.     Defendant, **KEVIN KARNES**, is the current Lee County Clerk of Court and Comptroller ("**CLERK**" or "Defendant"), and employed **MURPHY** in Lee County, Florida.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claimsaccrued in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.     **MURPHY** began his employment with the Defendant on August 16, 2021 and was employed as a court services supervisor.

7.     **MURPHY** performed his assigned duties in a professional manner and was very well qualified for his position.

8.     On or about July 12, 2022, **MURPHY** submitted a signed, written complaint to the Defendant's human resources department regarding an employee committing time theft and fraud, which constitute a gross waste of public funds, malfeasance and/or misfeasance.

9.     The Defendant's human resources department was vested with the authority to investigate, remedy or recommend remedial action in regard to **MURPHY**'s complaint.

10.    On July 21, 2022, the Defendant's Chief of Courts sent **MURPHY**'s complaint to the Defendant's inspector general, who opened a formal investigation.

11.    In August 2022, the Defendant provided **MURPHY** with a performance review that indicated he was meeting expectations.

12.    On or about September 21, 2022, the Defendant's inspector general interviewed **MURPHY**, who disclosed that the Defendant's employee was engaged in time theft and fraud, which constitute a gross waste of public funds, malfeasance and/or misfeasance.

13.    The inspector general's office released its investigative report on or about November 3, 2022, which investigation substantiated the allegations made by **MURPHY**.

14.    Thereafter, the Defendant quickly changed his job responsibilities and became highly critical of him, which criticisms were unwarranted.

15. On or about November 9, 2022, **MURPHY** required FMLA leave in order to have surgery for right hand carpal tunnel release.

16. While on FMLA leave, the Defendant terminated **MURPHY**'s employment on or about November 28, 2022.

17. **MURPHY** did not make his disclosures in bad faith or for a wrongful purpose.

18. At the time of his protected disclosures, **MURPHY** was not the subject of any personnel action against him.

19. **MURPHY**'s termination was not part of a *bona fide* reduction in force.

20. There was no budgetary need to terminate **MURPHY**.

21. **MURPHY** always received positive performance reviews from the Defendant until he engaged in statutorily protected activity.

22. As such, **MURPHY** was wrongfully terminated in violation of Florida law.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

23. The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this Count by reference as though fully set forth below.

24. **MURPHY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he began suffering from a serious health condition, **MURPHY** had worked for more than 1,250 hours in the previous 12

months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

25. **MURPHY** informed the Defendant of his likely need for leave for his serious health condition.

26. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

27. If the Defendant were to have decided that **MURPHY**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

28. The Defendant has never provided **MURPHY** with any notice disqualifying his FMLA leave.

29. In fact, the Defendant should have determined that **MURPHY** was eligible for leave under the FMLA and yet refused to allow him leave and return him to work, thus terminating his employment because of his request for federally protected medical leave.

30. **MURPHY** engaged in activity protected by the FMLA when he requested leave due to his serious health conditions, consistently informing the Defendant of the same.

31. The Defendant knew, or should have known, that **MURPHY** was exercising his rights under the FMLA and was aware of **MURPHY**'s need for FMLA-protected absence.

32. **MURPHY** complied with all of the notice and due diligence requirements of the FMLA.

33. The Defendant was obligated, but failed, to allow **MURPHY** to take FMLA leave and to return **MURPHY**, an employee who requested FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

34. A causal connection exists between **MURPHY**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **MURPHY** a benefit to which he was entitled under the FMLA.

35. As a result of the above-described violations of FMLA, **MURPHY** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other

legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

36.     The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this Count by reference as though fully set forth below.

37.     **MURPHY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **MURPHY** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

38.     **MURPHY** informed the Defendant of his need for leave due to his serious health conditions.

39.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

40. If the Defendant were to have decided that **MURPHY**'s expected absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

41. The Defendant has never provided **MURPHY** with any notice disqualifying his FMLA leave.

42. In fact, the Defendant determined that **MURPHY** was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and required reinstatement.

43. **MURPHY** engaged in activity protected by the **FMLA** when he requested leave due to his serious health conditions, consistently informing the Defendant of the same.

44. The Defendant knew that **MURPHY** was exercising his rights under the FMLA.

45. **MURPHY** complied with all of the notice and due diligence requirements of the FMLA.

46. A causal connection exists between **MURPHY**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of his employment.

47. The Defendant retaliated by altering the terms and conditions of **MURPHY**'s employment by terminating **MURPHY**'s employment because he engaged in the statutorily protected activity of requesting and taking FMLA leave.

8

The Defendant terminated him because he engaged in this statutorily protected activity.

48. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **MURPHY**'s employment because he engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **MURPHY** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## **COUNT III – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (PWA)**

49. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

50. This Count is timely brought under F.S. §112.3187(8)(b) and (c) as Plaintiff has exhausted all available administrative remedies.

51. At all material times, Plaintiff was an employee and the Defendant was his employer covered by and within the meaning of the PWA.

52. Plaintiff was qualified for the position that he held with the Defendant.

53. Plaintiff did engage in statutorily protected activity.

54. Plaintiff did make several disclosures of the Defendant's violations of federal, state, and/or local laws, rules, and/or regulations committed which created and presented a substantial and specific danger to the public's health, safety, or welfare.

55. Plaintiff did make several disclosures of the Defendant's gross mismanagement, gross waste of public funds, malfeasance, misfeasance, nonfeasance, and/or neglect of duty.

56. Plaintiff did suffer adverse employment action, which is causally linked to his engagement in statutorily protected activity.

57. The Plaintiff made his written disclosures on his own initiative to the appropriate local officials.

58. Plaintiff's complaints and disclosures constitute a protected activity because his complaints and disclosures were concerning an unlawful activity of the Defendant.

59. Said protected activity was the proximate cause of the Defendant's negative employment actions against Plaintiff, which included Plaintiff's termination.

60. Instead of investigating Plaintiff's complaints regarding violations of law, rules and/or regulations or gross mismanagement, malfeasance and misfeasance of the Defendant, the Defendant retaliated against the Plaintiff by terminating his employment.

61. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

62. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, Plaintiff has lost all of the benefits and privileges of his employment and have been substantially and significantly injured in his career path.

63. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole as provided for under the PWA.

64. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Temporary reinstatement;

    v.    Reasonable attorney's fees plus costs;

    vi.    Compensatory damages, and;

    vii.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JEROD MURPHY**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

          Respectfully submitted,

Dated: February 24, 2023  **/s/ Benjamin H. Yormak**
             Benjamin H. Yormak
             Florida Bar Number 71272
             Lead Counsel for Plaintiff
             YORMAK EMPLOYMENT & DISABILITY LAW
             27200 Riverview Center Blvd., Suite 109
             Bonita Springs, Florida 34134
             Telephone: (239) 985-9691
             Fax: (239) 288-2534
             Email: byormak@yormaklaw.com