```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JEROD MURPHY, an
individual,

      Plaintiff,

v.                              Case No:  2:23-cv-126-JES-NPM

KEVIN KARNES, as Lee County
Clerk of Court,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Motion to Dismiss (Doc. #21) filed by Kevin Karnes, as Lee County Clerk of Court (Defendant). Jerod Murphy (Plaintiff) responded in opposition (Doc. #23.) For the reasons set forth below, the motion is **DENIED**.

**I.**

Plaintiff's Amended Complaint (AC), the operative complaint, makes the following factual allegations: Defendant Keven Karnes, "the current Lee County Clerk of Court and Comptroller," employed the Plaintiff "as a court services supervisor." (Doc. #17, ¶¶ 3, 6.) Plaintiff began his employment on August 16, 2021 and always received positive performance reviews. (Id., ¶¶ 6, 21.) On or about July 12, 2022, Plaintiff submitted a written and signed complaint to Defendant's human resources department after he

noticed another employee was committing time theft and fraud. (Id., ¶ 8.) Defendant's Chief of Courts sent the complaint to Defendant's inspector general, who opened a formal investigation into the matter. (Id., ¶ 10.) The Defendant's inspector general then interviewed Plaintiff. (Id., ¶ 12.) On or about November 3, 2022, Defendant's inspector general released its investigative report that substantiated Plaintiff's complaint. (Id., ¶ 13.) Defendant quickly changed Plaintiff's job responsibilities and became highly critical of him. (Id., ¶ 14.)

Meanwhile, Plaintiff was suffering from "serious health conditions" and had consistently informed Defendant of the same. (Id., ¶ 30.) Plaintiff requested leave due to the health conditions. (Id.) At this point, Plaintiff had worked more than 1,250 hours over the previous twelve months. (Id., ¶ 24.) On or about November 9, 2022, Plaintiff took leave to have right hand carpal tunnel release surgery. (Id., ¶ 15.) Plaintiff's employment was terminated on November 28, 2022. (Id., ¶ 16.) Plaintiff's termination was not part of a budgetary need or a bona fide reduction in force. (Id., ¶¶ 19-20.)

The AC asserts three claims against the Defendant in his official capacity: (1) violation of the Family Medical Leave Act (FMLA)- interference; (2) violation of the FMLA – retaliation; and (3) violation of Florida's Public Whistleblower Act. (Id., ¶¶ 23-63.) Defendant moves to dismiss only Count I of the Amended

Complaint "as the operative facts do not support an FMLA interference claim." (Doc. #21, p. 1.) Count I alleges in sum that Defendant refused to allow Plaintiff his full FMLA leave and refused to allow his return to work at the same or equivalent position. (Doc. #17, ¶¶ 29, 33.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Phx. Entm't Partners, LLC v. Casey Rd. Food & Bev., LLC, 728 F. App'x 910, 912 (11th Cir. 2018). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but

"[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. In resolving a motion to dismiss, "a district court may consider judicially noticed documents." United States ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 (11th Cir. 2015)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir.1999)).

### III.

In moving to dismiss Count I of Plaintiff's AC, Defendant invites the Court to take judicial notice of six documents under Rule 201 of the Federal Rule of Evidence. (Doc. #21, pp. 4-5.) The Defendant contends that "[t]he records establish operative facts that defeat Plaintiff's Count I, the FMLA interference claim." (Doc. #21, p. 5.) On the other side, "[Plaintiff] calls into question the accuracy of the Defendant's documents" and argues

4

they "ought not to be considered in deciding this motion." (Doc. #23, pp. 3-4.) The Court concludes that judicial notice is not appropriate and that Count I is sufficiently pled.

**A. Judicial Notice**

"Rule 201 of the Federal Rules of Evidence permits a court to 'judicially notice a fact that is not subject to reasonable dispute because it' either 'is generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Bryant v. Ford, 967 F.3d 1272, 1275 (11th Cir. 2020) (quoting Fed. R. Evid. 201(b)). The power to take judicial notice, however, should be exercised with caution. Brown v. Piper, 91 U.S. 37, 42-43 (1875). "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 652 (11th Cir. 2020) (quoting Shahar v. Bowers, 120 F. 3d 211, 214 (11th Cir. 1997)).

The six documents in question are attached to Defendant's motion to dismiss: (1) a "health care provider's written release to return" to work on November 28, 2022; (2) Defendant's personnel action report marking the end of Plaintiff's leave of absence as November 28, 2022; (3) Defendant's personnel action report marking Plaintiff was terminated on November 28, 2022; (4) "[a] copy of

5

[Plaintiff's] time report indicating he was paid for November 28, 2022"; (5) "a copy of [Plaintiff's] pay stub for the two-week work period ending December 9, 2022"; and (6) " [a] copy of the Supervisor's Report of Action for the termination . . . ."(Doc. #21, p. 6.)

The Court concludes that these documents do not merit judicial notice because their accuracy can reasonably be questioned. The health care provider's note is redacted to the point it does not even identify the provider or source. The remaining documents are subject to reasonable dispute since they were all authored by the Defendant or his agents. Indeed, Plaintiff does dispute the accuracy of the documents. (See Doc. #23, pp. 3-4.) The fact that they may be contained in a public personnel file does not justify judicial notice. The Court declines to take judicial notice of Defendant's proffered documents.

**B. FMLA Interference**

"The FMLA provides eligible employees the right to 12 weeks of leave for a serious health condition that makes the employee unable to perform the functions of her position." Munoz v. Selig Enters., Inc., 981 F.3d 1265, 1274 (11th Cir. 2020) (citing Batson v. Salvation Army, 897 F.3d 1320, 1328 (11th Cir. 2018)); 29 U.S.C. § 2612(a)(1)(D)). Additionally, "[a]n employee who returns from FMLA leave is entitled to be restored to her former position or an equivalent position." Todd v. Fayette Cnty. Sch. Dist., 998 F.3d

6

1203, 1220 (11th Cir. 2021)(citing 29 U.S.C. § 2614(a)(1)). "The FMLA gives teeth to these provisions by prohibiting employers from interfering with an employee's rights under the Act." Id. (citing 29 U.S.C. § 2615(a)).

"To recover on an 'interference' claim under the FMLA, a plaintiff must satisfy three elements." Graves v. Brandstar, Inc., 67 F.4th 1117, 1121 (11th Cir. 2023). Plaintiff "must show that [1] she was entitled to a benefit under the FMLA," [2] "that her employer denied her that benefit," and [3] "she must 'demonstrate harm, or prejudice, resulting from the employer's interference with her exercise (or attempted exercise) of an FMLA benefit.'" Id. (internal citations omitted).

As noted earlier, Plaintiff need only make plausible factual allegations of these elements at the motion to dismiss stage. Defendant's motion to dismiss is premised on his view that his documents outside the pleadings establish that the AC's factual allegations are incorrect or false. That may eventually prove to be the case. But since the documents are not apt for judicial notice, such a determination is not appropriate in a motion to dismiss. The factual allegations in the Amended Complaint, viewed in the light most favorable to Plaintiff, set forth a plausible

7

claim of FMLA interference. This is all that is required at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #21) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of July, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

8